909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell J. LEONARD, Defendant-Appellant
 No. 89-6174.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1990.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Russell J. Leonard appeals his jury convictions for failure to file income tax returns in 1984, 1985 and 1986. The jury trial was held before Judge R. Allan Edgar of the U.S. District Court for the Eastern District of Tennessee, Southern Division.
 
 
 2
 Trial evidence established that defendant had income of $90,858 in 1984, $54,758 in 1985 and $16,879 in 1986. Defendant had previously been tried and convicted of failing to file income tax returns for the years 1978, 1979 and 1980. Defendant is a physician. After his release from prison for the first conviction, he opened a weight loss clinic which closed in April 1988 after some action was taken by the Drug Enforcement Agency.
 
 
 3
 Plaintiff's main witness, Elizabeth Jeu, presented various documents from defendant's internal revenue files located in Memphis. These included copies of protest returns filed by defendant from 1978 through 1982 and in 1984 which contained no identifying information such as name, address, social security number or income. These documents contained notations that indicated that defendant would file a tax return if the Internal Revenue Service (IRS) could show him how to do so without waiving his constitutional rights. Jeu also presented two Certificates of Lack of Record which indicated that defendant had not filed tax returns for the years 1981 through 1988. On cross-examination by defendant's attorney, computer printouts of defendants "Individual Master File" were reviewed. This file is generated by the IRS computer. When asked how the Certificates of Lack of Record were generated, Jeu stated
 
 
 4
 After searching our computer terminal, I did not find a return for these particular tax years. I requested the hard copy from the master file, the permanent record. There were no returns filed there.
 
 
 5
 I checked to see if there were any corrections made on any of the protest documents that he had sent to us. There were no corrections made. So, there were no processable documents. Then I prepared a Form 3050, which is known as a certification of lack of record.
 
 
 6
 (TR p163).
 
 
 7
 The issues presented to this Court are whether the trial court erred in denying defendant's Brady request; in failing to conduct an evidentiary hearing regarding defendant's motion to dismiss for prosecutorial vindictiveness; and in denying defendant's motion for judgment of acquittal on the grounds that the prosecution's computer evidence used to establish an essential element of this case was insufficient as a matter of law.
 
 
 8
 Defendant argues that his conviction should be reversed because the trial court erred in denying his request for Brady materials. In Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 218, 83 S.Ct. 1194 (1963), the Court held that the prosecution violates a defendant's due process rights if it withholds evidence favorable to the defendant which is material either to guilt or punishment. The evidence is material if it might have affected the outcome of the trial. United States v. Augurs, 427 U.S. 97, 104, 49 L.Ed.2d 342, 96 S.Ct. 2392 (1976).
 
 
 9
 Prior to trial, defendant requested information from every data base and system which might have a file on him. He listed the name of each and every system he wanted information from. His apparent purpose in requesting such data was to show that the IRS computer system was unreliable and could not be used as proof of his failure to file. This material was irrelevant for two reasons. First, plaintiff did not rely on computer data. Ms. Jeu stated that she requested and got the hard copy of defendant's permanent file and that she reviewed all protest documents to see if any corrections had been made that would make the documents processable. Second, the computer data was introduced first by defendant and defendant presented no evidence to refute that information. If defendant had, in fact, filed other documents, defendant should have been able to produce a copy of such documents with which he could have attacked the computer information. The trial court is affirmed on this issue.
 
 
 10
 Defendant argues that the trial court should have held an evidentiary hearing on defendant's motion to dismiss for prosecutorial vindictiveness. The trial court must conduct an evidentiary hearing on the motives of the government where the defendant has made a prima facie showing that there is a "reasonable likelihood of vindictiveness." U.S. v. Adams, 870 F.2d 1140, 1146 (6th Cir.1989). The Adams court further stated:
 
 
 11
 We fully agree with the district court's thought that the mere filing of a lawsuit against an agency of the federal government does not give anyone a license to break the law and insist that any ensuing prosecution be quashed as retaliatory. The Constitution confers no such immunity from prosecution.
 
 
 12
 Id. at 1145 (citation omitted). In Adams, defendants were charged with filing false tax returns. Defendants claimed that the prosecution was brought because one of the defendants had filed a sex discrimination suit against the Equal Employment Opportunity Commission (EEOC). The defendants supplied the trial court with affidavits of a former EEOC employee and a former IRS employee. The former IRS employee's affidavit "suggested that criminal prosecutions are unusual where, as in this case, there was no outstanding deficiency and the returns had been corrected by amendments filed well before IRS started investigating." Id. at 1141. The Court of Appeals held that the trial court should have conducted a hearing on whether the EEOC induced the Department of Justice to undertake a prosecution which would not otherwise have been undertaken.
 
 
 13
 In this case, defendant filed his motion to dismiss and attached a copy of the complaint he had filed against agents of the Drug Enforcement Agency and the Treasury Department. Defendant did not attach any affidavits in support of his motion which would indicate that the lawsuit in this case was unusual. Without supporting affidavits which indicate a "reasonable likelihood of vindictiveness," defendant can not prove that this case is in retaliation for anything. Defendant's case is vastly different from the one in Adams both because defendant has provided no proof for his claim and because this defendant has considerable outstanding deficiencies. The trial court is affirmed.
 
 
 14
 Defendant argues that the trial court erred in denying his motion for judgment of acquittal. In reviewing a denial of a motion for judgment of acquittal, this Court must review the evidence in a light most favorable to the prosecution giving the benefit of reasonable favorable inferences to the prosecution. U.S. v. Reed, 821 F.2d 332, 324 (6th Cir.1987).
 
 
 15
 Defendant argues essentially that the computer data relied on by plaintiff may be unreliable and that, because plaintiff did not lay a proper foundation for the admission of the evidence, it should not be used to support his conviction. It is clear from the record that plaintiff used hard copies of defendant's file and not just computer information in prosecuting him. Without a more specific objection to review, the trial court properly denied defendant's motion.
 
 
 16
 After a review of the record and all the issues in this case, this Court agrees with the findings and rulings of the trial court. Defendant's conviction is hereby AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation